IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CHUKWUMA E. AZUBUKO,                )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   Civ. No. 05-094-SLR
                                    )
COMMISSIONER OF POLICE -            )
CITY OF BOSTON, and                 )
MASSACHUSETTS' SUFFOLK              )
DISTRICT ATTORNEY,                  )
                                    )
            Defendant.              )

**MEMORANDUM ORDER**

I.   **INTRODUCTION**

Plaintiff Chukwuma E. Azbuko,[1] a pro se litigant, filed this

_____

[1]Plaintiff has an extensive litigation history.  In the past eleven years, he has filed numerous lawsuits that have been dismissed as frivolous or for failure to state a claim or on res judicata grounds.  See, e.g., Azubuko v. Giorlando, 213 F.3d 625 n. 2 (2d Cir. 2000)(unpublished table decision), available at 2000 WL 553184; Azubuko v. Rufo, 108 F.3d 328 (1st Cir. 1997)(unpublished table decision); Azubuko v. Louisiana, No. 04-1768, 2004 WL 2360163 (E.D. La. Oct. 19, 2004); Azubuko v. Board of Trustees of Framingham State College, C.A. No. 95-1035 (D. Mass. May 5, 1995); Azubuko v. Board of Trustees of Framingham State College, C.A. No. 93-11398-T (D. Mass. Nov. 10, 1994); Azubuko v. Registrar of Motor Vehicles, C.A. No. 75-10763-Y (D. Mass April 19, 1995); Azubuko v. Commissioner of Registry, 45 F.3d 423 (1st Cir. 1995); Azubuko v. Board of Trustees of Framingham State College, Middlesex Super. Ct., C.A. No. 97-5662 (1988); Azubuko v. Board of Trustees of Framingham State College, Suffolk Super. Ct., C.A. No. 97-5015-B (1998); Azubuko v. Peter Lauriat, Justice of the Super. Ct., Suffolk Super. Ct., C.A. No. 97-5016-C (1988).  He has also filed numerous petitions for certification, writs for extraordinary relief and appeals in the United States Supreme Court.  See Azubuko v. Berkshire Mut. Ins. Co., ___ U.S. ___, 125 S.Ct. 643 (Nov. 29, 2004); Azubuko v. Berkshire Mut. Ins. Co., __ U.S. ___, 125 S.Ct. 202 (Oct. 4, 2004); In re Azubuko, 522 U.S. 806 (Oct. 6, 1997); Azubuko v. Montgomery, 520 U.S. 1225 (May 12, 1997); Azubuko v. Registrar of

action pursuant to 42 U.S.C. § 1983[2] and the Massachusetts Tort

Liability Act, G.L.M. c. 258 §§ 1-13.[3] (D.I. 2)  He requested

leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

_____

Motor Vehicles, 520 U.S. 1225 (May 12, 1997); Azubuko v. First
Nat. Bank of Boston, 520 U.S. 1205 (Apr. 28, 1997); Azubuko v.
Liberty Mut. Ins. Group, 520 U.S. 1188 (Apr. 21, 1997); Azubuko
v. Bd of Directors, British Airways, 520 U.S. 1188 (Apr. 21,
1997); Azubuko v. Bd of Trustees, Framingham State College, 520
U.S. 1193 (Apr. 21, 1997); Azubuko v. Registrar of Motor
Vehicles, 520 U.S. 1157 (Mar. 31, 1997); Azubuko v. First Nat.
Bank of Boston, 520 U.S. 1127 (Mar. 17, 1997); Azubuko v.
Montgomery, 520 U.S. 1106 (Mar. 3, 1997); Azubuko v. Bd of
Trustees, Framingham State College, 519 U.S. 1134 (Feb. 18,
1997); Azubuko v. Mass. Com'r of Registry, 516 U.S. 919 (Oct. 10,
1995); Azubuko v. Murdoch, 515 U.S. 1125 (Jun. 5, 1995); Azubuko
v. Chief Probation Officer, 514 U.S. 1070 (May 30, 1995); Azubuko
v. Chief Probation Officer, 514 U.S. 1070 (Apr. 17, 1995);
Azubuko v. Commissioner of Parking, City of Boston, 513 U.S. 1137
(Jan. 23, 1995); Azubuko v. Commissioner of Parking, City of
Boston, 513 U.S. 983 (Oct. 31, 1994).  The frequent and
repetitive filings caused the United States Court of Appeals for
the Second Circuit to admonish plaintiff that "future frivolous
filings may result in sanctions, which may include monetary
sanctions or prohibition from further filings in this Court."
Azubuko, 2000 WL 553184, at *1.

   [2]"Every person who, under color of any statute, ordinance,
regulation, custom, or usage, of any State or Territory or the
District of Columbia, subjects, or causes to be subjected, any
citizen of the United States or other person within the
jurisdiction thereof to the deprivation of any rights,
privileges, or immunities secured by the Constitution and laws,
shall be liable to the party injured in an action at law, suit in
equity, or other proper proceeding for redress, except that in
any action brought against a judicial officer for an act or
omission taken in such officer's judicial capacity, injunctive
relief shall not be granted unless a declaratory decree was
violated or declaratory relief was unavailable."


   [3]Essentially, the Tort Claims Act provides a remedy for
persons injured as a result of negligence of governmental
entities in the Commonwealth of Massachusetts.  Alake v. City of
Boston, 666 N.E.2d 1022 (1996).

(D.I. 1)

## II.  STANDARD OF REVIEW

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two step process.  First, the court must determine whether the plaintiff is eligible for pauper status.  Whether to grant or deny an in forma pauperis petition lies within the sound discretion of the trial court.  Jones v. Zimmerman, 752 F.2d 76, 78 (3d Cir. 1985).  Factors to consider in this determination are:  (1) whether the plaintiff is employed; (2) plaintiff's annual salary; and (3) any other property or assets the plaintiff may possess.  See, e.g., Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)(detailing economic standards to be employed in deciding in form pauperis applications); United States v. Scharf, 354 F. Supp. 450 (E.D. Pa. 1973)(same).  The right to proceed in forma pauperis, particularly in pro se cases, should generally be granted where the required affidavit of poverty is filed, except in extreme circumstances.  Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976), citing Lockhart v. D'Urso, 408 F.2d 354 (3d Cir. 1969).

Plaintiff has submitted an affidavit stating that he receives about $13,000 a year as a substitute teacher in the Boston, Massachusetts Public Schools.  (D.I. 1)  He also earns approximately $1,200 from his transportation service, and has about $90 in two bank accounts.  (Id.)  Plaintiff lists his two

3

children as people 100% dependent on him for financial support. Considering plaintiff's obligations and income in light of the authority above, the court finds plaintiff does not have the ability to pay the $250 filing fee, and the petition to proceed in forma pauperis is granted.[4]

Having made the pauper determination, the court must determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).[5]  If plaintiff's complaint falls under any one of the exclusions listed in the statutes, the complaint will be dismissed.

When reviewing complaints pursuant to 28 U.S.C.

_____

[4]The court is mindful of a contrary decision by the United States District Court for the Eastern District of Pennsylvania. Azubuko v. Massachusetts State Police, 2004 WL 2590502 (E.D. Pa. Nov. 12, 2004).  There, the court denied the in forma pauperis petition based on similar financial information, but at the time the filing fee was $150 not $250, as now required.  While denying plaintiff's petition, the court, nonetheless, undertook review under 28 U.S.C. § 1915(e)(2)(B)(ii) and dismissed the complaint for failure to state a claim on which relief could be granted. (Id.)

[5]These two statutes work in conjunction.  Section 1915(e)(2)(B) authorizes the court to dismiss an in forma pauperis complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  Section 1915A(a) requires the court to screen prisoner in forma pauperis complaints seeking redress from governmental entities, officers or employees before docketing, if feasible, and to dismiss those complaints falling under the categories listed in § 1915A (b)(1).

§§ 1915(e)(2)(B)-1915A(b)(1), the court must apply the standard
of review provided for in Fed. R. Civ. P. 12(b)(6). Shane v.
Fauver, 213 F.3d 113, 117 (3d Cir. 2000). According to the Third
Circuit, "if a claim is based on facts that provide no basis for
the granting of relief by the court, the claim must be
dismissed." Id. The standard for determining whether an action
is frivolous is well established. The Supreme Court has
explained that a complaint is frivolous "where it lacks an
arguable basis either in law or fact." Neitzke v. Williams, 490
U.S. 319, 325 (1989).[6]

With this in mind, pro se complaints are reviewed under
"less stringent standards than formal pleadings drafted by
lawyers and can only be dismissed for failure to state a claim if
it appears 'beyond doubt that the plaintiff can prove no set of
facts in support of his claim which would entitle him to
relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976)(quoting
Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

III.  DISCUSSION

Plaintiff seeks damages in excess of $11 million from
defendants for:  two false arrests; interference with liberty of

---

[6] Neitzke applied § 1915(d) prior to the enactment of the
Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915
(e)(2)(B) is the re-designation of the former § 1915(d) under the
PLRA. Accordingly, cases addressing the meaning of frivolousness
under the prior section remain applicable. See § 804 of the
PLRA, Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

contracts; false imprisonment; loss of consortium; denial of
bail; perjury; and intentional infliction of emotional distress.
(D.I. 2)  He claims the aforementioned causes of action emanate
from a March 6, 2004 event where defendant, Commissioner of
Police-City of Boston, had two subordinates, Boston police
officers including Detective McCabe, respond to a 911 call made
from plaintiff's residence.  (Id.)  Before officers arrived,
plaintiff left the residence to attend to his routine Saturday
morning activities.  Upon his return later in the day, plaintiff
was advised that he had a court hearing scheduled for March 24,
2004 at 9:00 am.  He had been charged with assault and battery,
even though the alleged victim and initiator of the 911 call had
no visible injuries.

Because plaintiff did not appear at the March 24 hearing, a
warrant was issued for his arrest.  (Id.)  Plaintiff contends his
arrest was ordered as a means to raise revenue for the City of
Boston instead of for legitimate purposes.  Due to problems in
obtaining bail, plaintiff remained in jail from Saturday morning
until the following Monday afternoon.  He was forced to sleep on
a cement slab without a mattress and was denied medical
attention.  According to plaintiff, he was released on Monday
afternoon after the alleged victim posted his $200 bail.  (Id.)

Plaintiff asserts that defendant Massachusetts' Suffolk
District Attorney's subordinates wrongfully tried to convince him

6

to plead guilty to the assault and battery charges.  After
several court schedulings, another subordinate, a male district
attorney, helped to have the charges dismissed for "want of
prosecution".  (Id.)  Nonetheless, plaintiff contends that these
subordinates were not properly trained in the law or the
management of cases.

        To maintain a § 1983 action, plaintiff must demonstrate that
the defendants deprived him of a right or privilege protected by
the Constitution or laws of the United States while acting under
color of state law.  Williams v. Borough of West Chester, Pa.,
891 F.2d 458, 464 (3d Cir. 1989).  Considering that plaintiff has
failed to identify defendants by name or to mention them as
personally involved in any of the alleged constitutional
violations, it is clear he seeks to hold defendants liable for
their roles as supervisors.  Individual defendants acting as
policymakers may be liable under § 1983, if it is shown that they
acted "with deliberate indifference to the consequences,
established and maintained a policy, practice or custom which
directly caused the constitutional harm."  Stoneking v. Bradford
Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989).  Supervisors
can also be personally liable if they participated in "violating
the plaintiff's rights, directed others to violate them, or, as
the person in charge, had knowledge of and acquiesced in his
subordinates' violations."  A.M. v. Luzerne County Juvenile

                                    7

Detention Center, 372 F.3d 572, 586 (3d Cir. 2004). Plaintiff has failed to delineate any conduct that would implicate either defendant in supervisory liability under § 1983.

Alternatively, even assuming plaintiff's complaint satisfies the elements of a § 1983 claim, the complaint remains flawed due to the court's inability to exercise personal jurisdiction over defendants. Personal jurisdiction in a federal question case must satisfy due process requirements and may extend only to persons who can be reached by the forum state's long-arm statute. See Meritcare, Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir.1999). See, e.g., Weinstein v. Todd Marine Enterprises, 115 F. Supp.2d 668 (E.D. Va 2000)(same two-step analysis for personal jurisdiction in diversity cases applicable in federal question cases). When considering personal jurisdiction, the court conducts a two-step analysis. Intel Corp. v. Broadcom Corp. 167 F. Supp.2d 692, 699 (D. Del. 2001). First, the court must determine whether the Delaware long arm statute authorizes jurisdiction. See 10 Del. C. § 3104(c); Fed. R. Civ. P. 4(e)(1). Second, the court must determine whether exercising jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. Intel Corp. v. Silicon Storage Tech., Inc., 20 F. Supp.2d 690, 694 (D. Del. 1998).

The Delaware long-arm statute has been construed "broadly to confer jurisdiction to the maximum extent possible under the due

8

process clause." LaNuova D & B S.p.A. v. Bowe Co., 513 A.2d 764, 768 (Del. 1986). In pertinent part, 10 Del. C. § 3104 provides:

> c) As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:
> (1) Transacts any business or performs any character of work or service in the State;
> (2) Contracts to supply services or things in this State;
> (3) Causes tortious injury in the State by an act or omission in this State;
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;
> (5) Has an interest in, uses or possesses real property in the State; or
> (6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

The tortious conduct claimed at bar occurred entirely in Massachusetts between Massachusetts citizens. The record is entirely silent on any connection whatsoever to Delaware. Applied to these facts, the Delaware long-arm statute does not confer to the court jurisdiction over defendant.[7]

Although courts in other jurisdictions have transferred venue of plaintiff's cases to his home state, Massachusetts, this

_____

[7]Assuming arguendo that the first step of the analysis is satisfied, the court finds that granting personal jurisdiction does not comport with the Due Process Clause of the Fourteenth Amendment.

court concludes that changing venue is inappropriate herein considering there is no merit to plaintiff's allegations. Morever, it is evident that by filing in this district, where he clearly lacks any relationship, plaintiff is effectively circumventing the standing order issued by the United States District Court for the District of Massachusetts, the proper court for venue.  Specifically, on September 6, 1995, in response to the numerous filings in that court, Chief Judge William G. Young entered an order dismissing one of plaintiff's cases for failure to state a claim and ordered the Clerk of Court not to accept for filing any further documents submitted by plaintiff unless specific conditions were satisfied.  Chukwu v. Registry of Motor Vehicles, C.A. No. 95-11661-WGY (D. Mass. 1995).  On March 31, 2004, Chief Judge Young ordered plaintiff to pay a defendant $500, as partial compensation for its efforts in litigating a case, Azubuko v. Board of Bar Overseers of the Supreme Judicial Court, C.A. 04-10192-WGY (D. Mass.  2004).

Plaintiff was also ordered to pay $5,000 as a sanction for filing so many frivolous lawsuits in Massachusetts, as well as other federal districts, which was suspended until such time that plaintiff files an action in any court of the United States that is subsequently found to be frivolous.  In an apparent attempt to avoid Chief Judge Young's sanction, plaintiff has filed complaints in federal district courts across the country.  Some

courts have decided the issues.  See, e.g.,  Azubuko v. Eastern
Bank, Civ. No. 05-031-SLR (D. Del. Mar. 18, 2005)(case dismissed
as frivolous and plaintiff filed an appeal with the United States
Court of Appeals for the Third Circuit); Azubuko v. Riordan, Civ.
No. 05-095-SLR (D. Del. Apr. 4, 2005)(case dismissed as
frivolous).  As noted, other courts have transferred the cases to
the District of Massachusetts because, as here, plaintiff's
claims are against Massachusetts defendants, involve property and
proceedings in Massachusetts.  See, e.g.,  Azubuko v. Urban Edge
Property Management, Civil Action 05-10066-GAO (D. Mass. Feb. 24,
2004)(Massachusetts Court dismissed as frivolous case that was
transferred from Florida court.  The court found plaintiff
violated Chief Judge Young's standing order and admonished
plaintiff that further abusive filings may result in the
imposition of additional monetary sanctions or contempt
proceedings.); Azubuko v. Catherine H. Gallagher Cooperative
Housing, Civil Action 05-10068-RWZ (D. Mass. Feb. 17, 2005)(case
transferred from Middle District of Louisiana to Massachusetts
where the court dismissed plaintiff's complaint as frivolous and
plaintiff was ordered to appear to show how cause why he should
not be held in contempt of court).  Considering plaintiff's
conduct and the absence of viable claims, the court declines to
transfer the case and will not contribute to the burden to the
court created by plaintiff's frivolous filings in Massachusetts.

11

With regard to the Massachusetts Tort Claims Act, this claim is frivolous as there is no basis for jurisdiction over any state law claim plaintiff may have since plaintiff and defendants appear to be citizens of Massachusetts. See Meritcare, Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir.1999). Finally, because any attempt to amend the complaint under Fed. R. Civ. P. 15(a) would be futile for the reasons discussed above, plaintiff's complaint is dismissed with prejudice. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434-35 (3d Cir. 1997).

## IV. CONCLUSION

At Wilmington this 13th day of April, 2005, for the reasons stated;

IT IS ORDERED that:

1.    Plaintiff's motion to proceed in forma pauperis (D.I. 1) is granted.

2.    Plaintiff's complaint is dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).


_____
United States District Judge

12