



legal information institute          **US CODE COLLECTION**

collection home                         search                                            donate

**TITLE 28 > PART V > CHAPTER 111 > § 1651**

**NOTES:**

**Source**

(June 25, 1948, ch. 646, 62 Stat. 944; May 24, 1949, ch. 139, § 90, 63 Stat. 102.)

**Historical and Revision Notes**

1948 Act

> Based on title 28, U.S.C., 1940 ed., §§ 342, 376, 377 (Mar. 3, 1911, ch. 231, §§ 234, 261, 262, 36 Stat. 1156, 1162).
>
> Section consolidates sections 342, 376, and 377 of title 28, U.S.C., 1940 ed., with necessary changes in phraseology.
>
> Such section 342 provided:
>
> "The Supreme Court shall have power to issue writs of prohibition to the district courts, when proceeding as courts of admiralty and maritime jurisdiction; and writs of mandamus, in cases warranted by the principles and usages of law, to any courts appointed under the authority of the United States, or to persons holding office under the authority of the United States, where a State, or an ambassador, or other public minister, or a consul, or vice consul is a party."
>
> Such section 376 provided:
>
> "Writs of ne exeat may be granted by any justice of the Supreme Court, in cases where they might be granted by the Supreme Court; and by any district judge, in cases where they might be granted by the district court of which he is a judge. But no writ of ne exeat shall be granted unless a suit in equity is commenced, and satisfactory proof is made to the court or judge granting the same that the defendant designs quickly to depart from the United States."
>
> Such section 377 provided:
>
> "The Supreme Court and the district courts shall have power to issue writs of scire facias. The Supreme Court, the circuit courts of appeals, and the district courts shall have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law."
>
> The special provisions of section 342 of title 28, U.S.C., 1940 ed., with reference to writs of prohibition and mandamus, admiralty courts and other courts and officers of the United States were omitted as unnecessary in view of the revised section.
>
> The revised section extends the power to issue writs in aid of jurisdiction, to all courts established by Act of Congress, thus making explicit the right to exercise powers implied from





the creation of such courts.

The provisions of section 376 of title 28, U.S.C., 1940 ed., with respect to the powers of a justice or judge in issuing writs of ne exeat were changed and made the basis of subsection (b) of the revised section but the conditions and limitations on the writ of ne exeat were omitted as merely confirmatory of well-settled principles of law.

The provision in section 377 of title 28, U.S.C., 1940 ed., authorizing issuance of writs of scire facias, was omitted in view of rule 81(b) of the Federal Rules of Civil Procedure abolishing such writ. The revised section is expressive of the construction recently placed upon such section by the Supreme Court in U.S. Alkali Export Assn. v. U.S., 65 S.Ct. 1120, 325 U.S. 196, 89 L.Ed. 1554, and De Beers Consol. Mines v. U.S., 65 S.Ct. 1130, 325 U.S. 212, 89 L.Ed. 1566.

1949 Act

This section corrects a grammatical error in subsection (a) of section 1651 of title 28, U.S.C.

**Amendments**

1949—Subsec. (a). Act May 24, 1949, inserted "and" after "jurisdictions".

**Writ of Error**

Act Jan. 31, 1928, ch. 14, § 2, 45 Stat. 54, as amended Apr. 26, 1928, ch. 440, 45 Stat. 466; June 25, 1948, ch. 646, § 23, 62 Stat. 990, provided that: "All Acts of Congress referring to writs of error shall be construed as amended to the extent necessary to substitute appeal for writ of error."

**Section Referred to in Other Sections**

This section is referred to in sections 1407, 3202 of this title.

credits                                        about us                                        send email


EXHIBIT 01

Section 2201. Creation of remedy													Page 1 of 1

**Laws: Cases and Codes : U.S. Code : Title 28 : Section 2201**

[    Search    ] Title 28

- United States Code
    - TITLE 28 - JUDICIARY AND JUDICIAL PROCEDURE
        - PART VI - PARTICULAR PROCEEDINGS
            - CHAPTER 151 - DECLARATORY JUDGMENTS

*U.S. Code as of: 01/22/02*

### Section 2201. Creation of remedy

**Related Res**

```
   (a) In a case of actual controversy within its jurisdiction,
except with respect to Federal taxes other than actions brought
under section 7428 of the Internal Revenue Code of 1986, a
proceeding under section 505 or 1146 of title 11, or in any civil
action involving an antidumping or countervailing duty proceeding
regarding a class or kind of merchandise of a free trade area
country (as defined in section 516A(f)(10) of the Tariff Act of
1930), as determined by the administering authority, any court of
the United States, upon the filing of an appropriate pleading, may
declare the rights and other legal relations of any interested
party seeking such declaration, whether or not further relief is or
could be sought.  Any such declaration shall have the force and
effect of a final judgment or decree and shall be reviewable as
such.
   (b) For limitations on actions brought with respect to drug
patents see section 505 or 512 of the Federal Food, Drug, and
Cosmetic Act.
```

Judiciary Leg

Litigation Leg

U.S. Legal

Summa

Judiciary Dis

[Notes]                                   Next

EXHIBIT 02

*Barb Continues the War Against the Bar*
Barb Sued the BBO et al
*[Board of Bar Overseers and others]*

Barb's Brief Asserting That Neither Quasi-judicial
Nor Quasi-prosecutorial Immunity
Is Applicable

and

Barb's Opposition to Defendants' Further Motion to Dismiss

and

Motion to Reconsider Dismissal of Counts 1-6, Which Seek Declaratory Judgments
(Court has CLEAR subject-matter jurisdiction. Judge did not realize that!!!)

Chief Justice William Young ruled that the Eleventh Amendment did not apply to Barb's §1983 claims for money damages.

But Barb was not out of the woods yet!
The judge, sua sponte, brought up the issues of immunity.
He gave Barb and the Defendants until March 17th, St. Patty's Day,
the opportunity to brief
the issues of quasi-judicial and quasi-prosecutorial immunity.

### ORDER

YOUNG, C.J.                                             February 25, 2004

Upon further reflection, the Court notes that its February 24, 2004 order from the bench failed to dispose of certain of the Plaintiff's claims. In particular, Claims 7 through 9, insofar as they seek money damages against Defendants Carpenter, Phillips, and Crane in their individual capacities, are not barred by Eleventh Amendment immunity. These are federal civil rights claims that fall squarely within this Court's subject matter jurisdiction.

EXHIBIT 03

While it would appear that these defendants may be absolutely immune from liability under the respective doctrines of quasi-judicial and quasi-prosecutorial immunity, neither party has briefed nor raised these defenses.

The Court, therefore, accords all parties twenty days to brief the issue, should they choose to do so. Briefs shall be submitted on or before March 17, 2004. In all other respects, the court's February 24, 2004 ruling is undisturbed.

SO ORDERED.

WILLIAM G. YOUNG
CHIEF JUDGE

When finished, Barb's brief was long.
Thankfully the judge allowed the
motion for leave to file a pleading in excess of 20 pages.
According to his clerk, it is something he never does!

The Defendants have not written a brief on the
the issues of quasi-judicial and quasi-prosecutorial immunity.
Instead, they filed a Further Motion to Dismiss, a one-pager saying absolute judicial immunity applied.

Not only are the brief and opposition HERE below,
the originals are available to the public through PACER...

because Barb, using the latest technology,
filed both her brief and her opposition to their motion electronically!!

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION: 03-CV-12314-

Barbara C. Johnson, Esq.
Plaintiff
v.
Board of Bar Overseers of Massachusetts,
M. Ellen Carpenter, Esq., in her individual and professional capacities,
including her capacity as Chair of the Board of Bar Overseers,

EXHIBIT 03