ALD-223                                                         May 10, 2007

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. **06-4852**

CHUKWUMA E. AZUBUKO

    VS.

COMMISSIONER OF POLICE-CITY OF BOSTON; ET AL.

    (D. Del. Civ. No. 05-cv-00094)

Present:    SLOVITER, CHAGARES AND GREENBERG, <u>CIRCUIT JUDGES</u>

    Submitted are:

    (1)    By the Clerk for possible dismissal due to lack of timely filing;

    (2)    By the Clerk the within appeal for possible dismissal under 28 U.S.C. § 1915(e)(2)(B) and/or possible summary action pursuant to Third Circuit Internal Operating Procedure 10.6; and

    (3)    Appellant's response to possible dismissal due to lack of timely filing

    in the above-captioned case.

    Respectfully,

    Clerk

MMW/MPD/je/par

_____O R D E R_____

The foregoing appeal is dismissed because appellant's notice of appeal filed on November 20, 2006 was untimely. A notice of appeal must be filed within 30 days of the entry of the appealable order. Fed. R. App. P. 4(a)(1)(A). Because appellant timely filed a motion for reconsideration, the time for filing his notice of appeal did not begin to run until the District Court entered an order on May 16, 2005 denying his motion for

reconsideration.  See Fed. R. App. P. 4(a)(1)(A)(iv), (vi).  Appellant therefore had until June 15, 2005 to file his notice of appeal.  He failed to do so, and he instead submitted a second motion for reargument and, subsequently, a motion to re-open.  But such additional reconsideration motions did not toll the time to file an appeal.  See, e.g., Turner v. Evers, 726 F.2d 112, 114 (3d Cir. 1984).  The Supreme Court's ruling in Eberhart v. United States, 126 S. Ct. 403 (2005) (per curiam), does not preclude dismissal here.  Appellees have never entered an appearance and were never served with the complaint.  Appellees therefore have had neither the obligation nor the opportunity to object on timeliness grounds.  Eberhart does not prohibit the Court from raising the issue of timeliness sua sponte.  Cf. United States v. Carelock, 459 F.3d 437, 440 n.6 (3d Cir. 2006).  No equitable doctrine or exception justifies tolling the time period for appeal or otherwise excusing appellant's failure to file a timely notice of appeal, especially given appellant's history as a frequent litigant in this Court.



A True Copy:

Marcia M. Waldron, Clerk

By the Court,

/s/ Morton I. Greenberg
Circuit Judge

Dated: June 6, 2007
par/cc: Mr. C.E.A.